1
2
3                       UNITED STATES DISTRICT COURT
4                              DISTRICT OF NEVADA
5                                     * * *
6    BARRY HARRIS,                          Case No. 3:20-cv-00695-MMD-WGC
7                            Petitioner,                    ORDER
8         v.
9    CALVIN JOHNSON, *et al.*,
10
                             Respondents.
11
12
13        This action is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254,
14   by Petitioner Barry Harris, who is incarcerated at Nevada's Ely State Prison. The Court
15   received Harris' habeas petition (ECF No. 1-1), along with a financial certificate (ECF No.
16   1-2) and a motion for appointment of counsel (ECF No. 1-3), on December 14, 2020.
17        Harris has not paid the filing fee for this action, and he has not filed an application
18   to proceed *in forma pauperis*. The Court will not require Harris to pay the filing fee, or file
19   an *in forma pauperis* application, until after counsel appears for him.
20        State prisoners applying for habeas corpus relief are not entitled to appointed
21   counsel unless the circumstances indicate that appointed counsel is necessary to prevent
22   due process violations. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986) (citing
23   *Kreiling v. Field*, 431 F.2d 638, 640 (9th Cir. 1970) (per curiam). The court may, however,
24   appoint counsel at any stage of the proceedings if the interests of justice so require. *See*
25   18 U.S.C. § 3006A; *see also* Rule 8(c), Rules Governing § 2254 Cases; *see also Chaney*,
26   801 F.2d at 1196. Harris' petition indicates that he is serving a sentence of life in prison
27   with the possibility of parole after 15 years. Further, it appears that the petition may raise
28   relatively complex issues, and Harris likely will not be able to adequately litigate this action

without counsel. The Court therefore finds that appointment of counsel is in the interests of justice. The Court will grant Harris' motion for appointment of counsel and will appoint the Federal Public Defender for the District of Nevada ("FPD") to represent him.

The Court has examined Harris' petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and determines that it merits service upon the respondents. The Court will order the petition served upon Respondents, and will direct Respondents to appear, but will not require any further action on the part of Respondents at this time.

It is therefore ordered that the Clerk of the Court is directed to separately file the Petition for Writ of Habeas Corpus (ECF No. 1-1) and the Motion for Appointment of Counsel (ECF No. 1-3).

It is further ordered that Petitioner's Motion for Appointment of Counsel (ECF No. 1-3) is granted. The FPD is appointed to represent Petitioner. If the FPD is unable to represent Petitioner, because of a conflict of interest or for any other reason, alternate counsel will be appointed. In either case, counsel will represent Petitioner in all federal court proceedings relating to this matter, unless allowed to withdraw.

It is further ordered that the Clerk of the Court is directed to electronically serve upon the FPD a copy of this Order, together with a copy of the Petition for Writ of Habeas Corpus (ECF No. 1-1).

It is further ordered that the FPD will have 30 days from the date of this Order to file a notice of appearance, or to indicate to the Court its inability to represent Petitioner in this case.

It is further ordered that the requirement that Petitioner pay the filing fee for this action or file an application to proceed *in forma pauperis* is suspended. The Court will set a deadline for payment of the filing fee or filing of an application to proceed *in forma pauperis* after counsel appears for Petitioner.

It is further ordered that the Clerk of the Court is directed to add Aaron Ford, Attorney General of the State of Nevada, as counsel for Respondents.

It is further ordered that the Clerk of the Court is directed to electronically serve upon Respondents a copy of the Petition for Writ of Habeas Corpus (ECF No. 1-1), and a copy of this Order.

It is further ordered that Respondents will have 30 days from the date of this Order to appear in this action. Respondents will not be required to respond to the habeas petition at this time.

DATED THIS 15th Day of December 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE